IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00724-REB-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

     Plaintiff,

v.

DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,
MIKEL MEWBOURN,
M&B DEVELOPMENT GROUP, INC.,
FALL RIVER VILLAGE COMMUNITIES, LLC,
ONEWEST BANK, FSB, and
DEUTSCHE BANK NATIONAL TRUST COMPANY,

     Defendants.

---

## ORDER ON MOTION TO MODIFY

---

Before the Court is a Renewed Motion to Modify Scheduling Order filed by Fall River Communities, LLC [filed January 14, 2010; docket #114] .  The matter is briefed.  Oral argument would not materially assist the Court in adjudicating the motion.  For the following reasons, the motion is **granted**.

A.    **Background**

Through its motion, Defendant Fall River Communities, LLC ("Fall River") seeks to extend the deadline for amendment of pleadings in this matter.  Fall River asserts that, although it was represented by counsel at the original scheduling conference at which the deadline of September 30, 2009 was set for amendment of pleadings, its counsel withdrew in July 2009 and it remained unrepresented until November 2, 2009 when its current counsel entered his appearance.  Two days later, Fall River, through counsel at a status conference before the Court, expressed its concern that the deadline had passed and that it intended to move for extension so to seek amendment of its

answer to add counterclaims and/or cross claims. The Court did not set a new deadline for amendment of pleadings at that time because all parties anticipated that the case may be resolved at the upcoming settlement conference on December 10, 2009.

The settlement conference was unsuccessful and, the following day, Fall River moved to extend the deadline to amend pleadings to December 21, 2009. The Court denied the motion without prejudice for failure to articulate a reason setting forth "good cause" for the requested extension. Thereafter, on January 4, 2010, Fall River filed a motion requesting a "scheduling conference" to discuss various scheduling issues in the case, including extending the deadline for amendment of pleadings. The Court held a status conference on January 15, 2010, at which the Court rescheduled many discovery deadlines, but determined that it would entertain briefing on the January 14, 2010, Motion to Modify that is currently at issue.

Plaintiff opposes the motion claiming an extension would delay the proceedings. In addition, Plaintiff asserts that Fall River has no standing to bring counterclaims against it. Fall River counters that Plaintiff brought the Defendant into the action and, therefore, cannot argue that it has no standing in this case. Fall River also argues that any delay would not be prejudicial since all other deadlines, including the discovery deadline, were extended and trial is not scheduled for several months. No other parties have opposed the within motion.

**B.     Analysis**

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the

time frame established by the court." *Id.* "Nevertheless, while the pretrial order defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers v. Missouri Pacific R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (citations omitted) (discussing amendment of the scheduling order). Further, rigid adherence to the scheduling order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to timely amend may be excused if due to oversight, inadvertence or excusable neglect. *Id.*

Here, the Court finds good cause for extending the deadline for amendment of pleadings in this case. While it was unrepresented, Fall River was unaware that the deadline had passed. Once represented, Fall River understood that Plaintiff had agreed to an extension of the deadline for, at least, some period after the settlement conference and, therefore, did not seek an extension until after the December 10, 2010, settlement conference. Although it waited some three weeks to file a renewed motion after the Court denied without prejudice its initial motion for extension, the Court recognizes that the year-end holidays occurred during this period and finds that the time lag is reasonable. Therefore, the Court finds that Fall River has provided a persuasive reason as to why it did not seek to amend its pleading within the original deadline and that it diligently attempted to meet (or, alter) the Court's deadline upon its awareness of the oversight.

The Court will grant the motion to modify the Scheduling Order and allow the parties to seek leave to amend their pleadings pursuant to Fed. R. Civ. P. 15 on or before March 1, 2010.[1]

## III.   Conclusion

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Renewed Motion

---

[1]Fall River's request for relief in its motion "requests that the court modify the scheduling order" [docket #114], but in its accompanying brief, Fall River "prays that the court grant the motion to amend scheduling order and allow it to amend its pleading" [docket #115]. The Court clarifies that it has only addressed the request for modification in this Order and will address any requests for leave to amend in separate motions by the parties.

to Modify Scheduling Order filed by Fall River Communities, LLC [filed January 14, 2010; docket

#114] is **granted**.  For good cause shown, the Scheduling Order shall be amended as follows:

       Deadline for Amendment of Pleadings:     March 1, 2010

All other deadlines and conference dates shall remain the same.

       Dated at Denver, Colorado, this 19th day of February, 2010.

                     BY THE COURT:

                     Michael E. Hegarty
                     Michael E. Hegarty
                     United States Magistrate Judge