IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00724-REB-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.

DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,
MIKEL MEWBOURN,
M&B DEVELOPMENT GROUP, INC.,
FALL RIVER VILLAGE COMMUNITIES, LLC,
ONEWEST BANK, FSB, and
DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Defendants.

## ORDER ON MOTIONS TO AMEND ANSWER

Before the Court is a Motion of Defendant Fall River Village Communities to Amend its Answer to Include Counterclaims and Crossclaims [filed February 25, 2010; docket #135] and Motion of Defendant Fall River Village Communities to Amend its Cross Claims to Add a Fourth Claim for Relief [filed March 1, 2010; docket #140]. The matters are briefed. Oral argument would not materially assist the Court in adjudicating the motions. For the following reasons, the motions are **granted**.

**A.    Background**

Through its motions, Defendant Fall River Communities, LLC ("Fall River") seeks to amend its Answer, filed May 15, 2009, to add counterclaims against the Plaintiff and crossclaims against Defendant Denver Haslam. Plaintiff filed a timely response to the motion objecting that Fall River's proposed counterclaims are legally insufficient under Fed. R. Civ. P. 12(b)(6) and, thus, arguing that

amendment would be futile. Defendant Haslam did not respond to Fall River's motions.[1] Fall River then filed a timely reply brief to Plaintiff's response asserting that disputed facts exist which preclude dismissal of the proposed counterclaims in this matter.

An amendment to add a counterclaim will be governed by Fed. R. Civ. P. 15. *See* Fed. R. Civ. P. 13 advisory committee's note 2009. The Court must heed Rule 15's mandate that the Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a) (2009); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962); *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

The grant or denial of leave to amend is committed to the discretion of the district court. *See Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend may be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182; *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420 (4th Cir. 1990) (requests for leave to add omitted counterclaims should be liberally permitted, in order to further the policy of efficient disposition of all disputes arising from a single transaction in a single judicial proceeding); *see also Wayzata Bank & Trust Co. v. A & B Farms*, 855 F.2d 590, 594 (8th Cir. 1988) (same, with respect to compulsory counterclaims).

Here, no party argues that Fall River's proposed counterclaims are unduly delayed or would result in undue prejudice to the parties. In fact, after hearing from the parties, this Court granted Fall River's motion to extend the deadline for amendment of pleadings in this matter to March 1, 2010

---

[1] The Court, therefore, construes Fall River's requests to add crossclaims against Haslam as unopposed.

and the motions were filed within that time frame. Rather, Plaintiff contends that Fall River's proposed counterclaims would be dismissed because Fall River is not an intended third-party beneficiary to the insurance contract, there was no meeting of the minds to create an implied contract, and the allegations of fraud are insufficient under Fed. R. Civ. P. 9(b). Fall River counters that discovery has revealed disputed facts regarding whether it is an intended third-party beneficiary, whether there was intent for purposes of the fraud claim and whether Plaintiff was negligent in its dealings with Fall River.

Although the Court is aware of case law applying a Fed. R. Civ. P. 12(b)(6) standard to a futility challenge of proposed amendments under Rule 15(a), in exercising its discretion, the Court here must consider the efficiency of proceeding in this matter, particularly in light of the prolonged history of this case. *See Fluker v. Federal Bureau of Prisons*, No. 07-2426-CMA-CBS, 2009 WL 1065986, *5 (D. Colo. Apr. 21, 2009) (unpublished). The action was initiated more than a year ago on April 1, 2009 and a Scheduling Order was entered on July 9, 2009; however, issues arose as the parties prepared for attempted settlement and deadlines were extended to assist the parties in their settlement efforts. Nevertheless, the discovery deadline is now looming and the original trial date remains set at August 9, 2010. Continued argument about the application of Rule 15(a) in this case will only serve to interfere further with the effective management of this case.

Thus, the Court finds that Plaintiff's arguments concerning dismissal of Fall River's counterclaims are more efficiently raised in the context of a Rule 12(b)(6) motion, rather than indirectly through opposition of a Rule 15(a) motion. *Id.* Considering that the denial of a motion to amend is a dispositive issue that may be only *recommended* by this Court, proceeding under Rule 12 may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b). Therefore, the Defendants may be better served by waiting to assert Rule 12 arguments until the operative

counterclaims are in place. *See General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-1145-DME, 2008 WL 2520423, *4 (D. Colo. June 20, 2008) (unpublished).

**III. Conclusion**

Accordingly, for the reasons stated above and in the interests of justice, it is hereby ORDERED that the Motion of Defendant Fall River Village Communities to Amend its Answer to Include Counterclaims and Crossclaims [filed February 25, 2010; docket #135] and the unopposed Motion of Defendant Fall River Village Communities to Amend its Cross Claims to Add a Fourth Claim for Relief [filed March 1, 2010; docket #140] are **granted**. On or before April 9, 2010, Fall River shall file its Amended Answer, Counterclaims and Crossclaims formatted in accordance with D.C. Colo. LCivR 10.1E and Judge Blackburn's Practice Standards for Civil Actions. The Plaintiff and Defendant Haslam shall file responses to the counterclaims and crossclaims in accordance with Fed. R. Civ. P. 15(a) and all applicable rules.

Dated at Denver, Colorado, this 6th day of April, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge