IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00724-REB-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.

DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,
MIKEL MEWBOURN,
M&B DEVELOPMENT GROUP, INC.,
FALL RIVER VILLAGE COMMUNITIES, LLC,
ONEWEST BANK, FSB, and
DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Defendants.

## ORDER ON MOTION TO COMPEL

Before the Court is Plaintiff's Motion to Compel Defendant Mewbourn and Defendant M&B Development Group, Inc.'s Responses to Discovery [filed April 6, 2010; docket #162]. The matter is briefed, and the Court believes oral argument would not materially assist the Court in adjudicating the motion; therefore, the hearing scheduled for May 11, 2010 is **vacated**. For the following reasons, the motion is **granted**.

**I.    Background**

Defendant Haslam applied for homeowners insurance on a property located at 5301 S. University Blvd. in Greenwood Village, Colorado. American Family issued policy number 05-BQ7613-01 effective from March 4, 2008 to March 4, 2009, with dwelling limits of $4 million.

During the period of insurance, the property suffered a loss due to water damage, concerning which American Family paid approximately $190,000. Then, on November 6, 2008, there was a fire at the property for which another claim was presented to American Family. The fire has since been

determined to have been intentionally set. As part of its investigation, American Family learned that despite owning the property for a year before applying for insurance, Defendant Haslam had never occupied the property, that it was still being constructed, and that Defendant Haslam's prior insurance carrier non-renewed its policy because the property was vacant. American Family represents that there are third party interests in the property, some of which are other named Defendants in this lawsuit.

American Family now believes that Defendant Haslam did not have any real interest in the property and, further, that there were loans for 100% of the purchase price. American Family alleges that Defendant Haslam did not put any money down, nor has he ever made a mortgage payment, insurance premium payment, or utility payment. American Family believes that Defendant Haslam was involved in the property as an investment project. It seeks a declaratory judgment that the policy issued to Defendant Haslam by American Family is rescinded (*void ab initio*), that American Family should be credited back what was received in premiums against what it gave in performance and is entitled to recover the remainder of claims payments made on the policy. It further seeks a declaratory judgment that because the fraud clause has been violated, American Family is released from its obligations under the policy with regard to the fire claim; that Defendant Haslam has failed to cooperate in the investigation of the fire claim and has breached the policy provisions; and that because of Defendant Haslam's material breaches, coverage is forfeited for the fire claim and American Family is relieved of its obligations under the policy for that claim.

Defendant Haslam disputes that he made any material misrepresentations in completing the application for insurance and contends that he completed the application to the best of his knowledge and ability. Defendant Haslam contends that he had a real interest in the subject property and, although the property was vacant at the time of the fire, he had every intention of taking possession

of the property when construction was completed. He argues that he would have taken possession of the property earlier than the date of the fire, but was unable to do so due to massive water damage to the property that occurred prior to the destruction of the property. He believes he has fully cooperated with the investigation of the fire and with Plaintiff, has not breached any provisions of the subject policy and is entitled to a full pay-out of the policy limits on his claim. Defendant Haslam has filed a counterclaim, including claims for breach of contract and bad faith.

The current dispute concerns requests for production of documents from Plaintiff to the Mewbourn Defendants. As framed by the Mewbourn Defendants, Plaintiff seeks documents involving the following:

1. The circumstances under which Defendant Haslam did not move into the Property from the time he closed on the Property in March of 2007 until the fire at the Property in November of 2008.
2. The circumstances under which Haslam applied for a homeowners insurance policy in March of 2008 on the Property with American Family.
3. American Family's investigation and payment of a claim for water damage at the Property; and
4. The totality of the nonprivileged communications among the Defendants which relate to the Property.

## II.  Analysis

Plaintiff contends it needs this information to prove its claim and to defend against Haslam's counterclaim. The Mewbourn Defendants counter that Plaintiff has engaged in "scorched earth" discovery, making this case disproportionately expensive, and the current effort is a massive fishing expedition. Both parties cite judicial opinions from this District and other jurisdictions containing platitudinal statements addressing the proper breadth of discovery. I have made such statements myself in attempting to characterize a particular dispute I was deciding. These are of limited assistance in any specific situation such as this. For example, the Mewbourn Defendants refer to the present requests as a massive fishing expedition. I have two comments concerning this

characterization. First, I have seen (and perhaps, in my private practice, been on) fishing expeditions, and these requests are not that. Second, even if I viewed these requests as somewhat of a fishing excursion, I believe American Family's position is that something around here smells fishy, in which case casting a net or two into the water might seem appropriate. Indeed, no one can deny that the scenario presented above (and the other facts of which I am aware concerning the factual background of this case) does not constitute the typical experience of a single family dwelling purchase. American Family is being asked to fund a seven-figure loss, and it is entitled to know the readily available information about the purchase, construction, ownership, application for insurance, damage, and repairs made on this home. In light of this, the requests for production as framed on page 7 of Defendants' Response do not appear to me to be outside the norm.

**III. Conclusion**

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Motion to Compel Defendant Mewbourn and Defendant M&B Development Group, Inc.'s Responses to Discovery [filed April 6, 2010; docket #162] is **granted**. The hearing scheduled for May 11, 2010 is hereby **vacated**.

Dated at Denver, Colorado, this 7th day of May, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge