**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  09-cv-00724-REB-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,
MIKEL MEWBOURN,
M&B DEVELOPMENT GROUP, INC.,
FALL RIVER VILLAGE COMMUNITIES, LLC,
ONEWEST BANK, FSB DEUTSCHE BANK, and
NATIONAL TRUST COMPANY,

    Defendants,

DENVER HASLAM,

    Counterclaim Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Counterclaim Defendant.

## ORDER DENYING MOTION TO STRIKE UNTIMELY ARGUMENTS

**Blackburn, J.**

This matter is before me on the defendants' **Motion To Strike Untimely Arguments and Defenses Asserted by Plaintiff** [#222][1] filed June 22, 2010.  The plaintiff filed a response [#258], and the defendants filed a reply [#266].  I deny the motion.

---

[1] "[#222]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

This case concerns an insurance coverage dispute. The insurance policy at issue covered a house. The house was destroyed by a fire that was set intentionally. The insurance carrier, American Family Mutual Insurance Company, has refused to pay the claim for coverage of damage caused by the fire. In its complaint, American Family seeks a declaratory judgment which declares that the insurance policy in question is void *ab initio* based on fraudulent misrepresentations allegedly made by the defendants and on defendant Denver Haslam's alleged failure to cooperate in the investigation of one of the insurance claims at issue. Haslam asserts three counterclaims against American Family. *Answer and counterclaims* [#100]. He asserts claims for breach of contract, bad faith handling and denial of an insurance claim, and unfair and deceptive trade practices. In its answer [#112] to Haslam's counterclaims, American Family asserts an affirmative defense alleging that Haslam's counterclaims "are barred in whole or in part by virtue of the terms and conditions of the contract of insurance." *Answer* [#112], p. 7. American Family's answer was filed on January 13, 2010.

In their present motion, the defendants contend that on the day discovery closed, American Family asserted for the first time that an exclusion in the insurance policy, the so-called Vandalism Exclusion, bars coverage for the fire claim at issue in this case. The defendants contend that prior to April 30, 2010, the date on which discovery closed, all of American Family's witnesses affirmed that the claim contained in American Family's complaint [#15] was a claim that the insurance policy is void *ab initio* because of fraudulent representations in the application for the policy and Haslam's failure to cooperate in the investigation of the fire. On April 30, 2010, one of American Family's Rule 30(b)(6) witnesses stated in his deposition that the Vandalism Exclusion in the policy is applicable and contended that American Family's complaint [#15] fairly includes

a claim addressing this exclusion.  *Motion to strike* [#222], Exhibit A-36 (Perry deposition), 77:9 - 90:8.

On June 1, 2010, American Family filed its motion for summary judgment [#214] on the counterclaims of Haslam.  In its motion, American Family argues, *inter alia*, that the Vandalism Exclusion excludes coverage for the fire and bars Haslam's counterclaims which are, in essence, claims for coverage for the fire.  Prompted by this motion for summary judgment, the defendants filed their present motion. The defendants argue that American Family should be prohibited from asserting the Vandalism Exclusion as a basis for the claims asserted in its complaint and as a defense to Haslam's counterclaims because American Family did not reveal this basis for its claims and defenses until the final day of discovery, after which the defendants were not able to conduct discovery on the applicability of the Vandalism Clause.  The defendants ask that American Family's argument concerning the Vandalism Exclusion be stricken from American Family's motion for summary judgment on Haslam's counterclaims and that American Family be barred from raising the Vandalism Exclusion at trial.  *Motion to strike* [#222], p. 15.

Generally, the Federal Rules of Civil Procedure do not permit a party to raise new claims at the summary judgment stage or otherwise to create a late shift in the thrust of a case when the shift causes prejudice to the opposing party.  **See, e.g., Gilmour v. Gates, McDonald & Co.**, 382 F.3d 1312, 1314 - 1315 (11th Cir. 2004); **Evans v. McDonald's Corp.**, 936 F.2d 1087, 1090 - 1091 (10th Cir. 1991).  I have reviewed American Family's complaint [#15], Haslam's counterclaims [#100], American Family's answer [#112] to Haslam's counterclaims, and all of the discovery responses cited by the parties in the motion, response, and reply.  I conclude that American Family

3

did not allege in its complaint a claim for declaratory judgment declaring that the Vandalism Exclusion is applicable.  Further, American Family's April 30, 2010, disclosure that it considers the applicability of the Vandalism Exclusion to be part of its complaint does not create such a claim where none exists.  Finally, American Family may not amend the claims in its complaint [#15] via Perry's answer to deposition questions.

However, American Family timely, properly, and explicitly asserted as a defense to Haslam's counterclaims its contention that the terms and conditions of the policy bar Haslam's claims for coverage of the fire.  This fairly describes American Family's present assertion that the Vandalism Exclusion bars the coverage sought by Haslam.  Nothing in the record indicates that the defendants ever conducted discovery to determine the bases for this defense, or that American Family in any way misrepresented the bases for this defense.  In view of this defense, there is no basis to conclude that American Family has sought to raise a new defense at the summary judgment stage or to create a late shift in the thrust of this case.  Thus, there is no basis to strike this putative defense or otherwise to bar American Family from asserting this defense, including in its motion for summary judgment [#214] on Haslam's counterclaims.

**THEREFORE, IT IS ORDERED** that the defendants' **Motion To Strike Untimely Arguments and Defenses Asserted by Plaintiff** [#222] filed June 22, 2010, is **DENIED** consistent with the foregoing findings and conclusions.

Dated January 10, 2011, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge