**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  09-cv-00724-REB-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,
MIKEL MEWBOURN,
M&B DEVELOPMENT GROUP, INC.,
FALL RIVER VILLAGE COMMUNITIES, LLC,
ONEWEST BANK, FSB DEUTSCHE BANK, and
NATIONAL TRUST COMPANY,

    Defendants,

DENVER HASLAM,

    Counterclaim Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Counterclaim Defendant.

**ORDER CONCERNING MOTIONS FOR SUMMARY JUDGMENT**

**Blackburn, J.**

    This matter is before me on the following: (1) the **Motion for Summary Judgment on Behalf of Defendants Mikel  Mewbourn and M & B Development Group, Inc.** [#194][1]; (2) **Motion for Partial Summary Judgment on Behalf of**

---

[1] "[#194]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Defendants Onewest Bank, FSB, Deutsche Bank National Trust Company and Denver Haslam** [#195]; (3) **Plaintiff's Motion for Summary judgment on the Counterclaim of Defendant Fall River Village Communities, LLC** [#212]; and (4) **Plaintiff's Motion for Summary judgment on the Counterclaim of Defendant Haslam** [#214], all filed June 1, 2010. Each of the motions has prompted responses and replies. I grant the motion filed by defendants, Mikel Mewbourn and M & B Development, I grant the plaintiff's motion on the counterclaims of defendant, Fall River Village Communities, LLC., and I deny the other motions.[2]

## I. JURISDICTION

I have putative jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of

---

[2] The issues raised by and inherent to the motions for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motions stand submitted on the papers. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works*, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999).

### III. FACTS

Plaintiff, American Family Mutual Insurance Company (American Family), seeks a declaratory judgment concerning a homeowner's insurance policy it sold to defendant, Denver Haslam. Haslam holds title to the property covered by the policy, a residence located at 5301 S. University Blvd., Greenwood Village, CO. The policy was effective from March 4, 2008, to March 4, 2009. The dwelling limit of the policy was four million dollars. The other defendants were involved in preparing the house for re-sale or in financing the purchase of the house.

On March 31, 2008, American Family received notice of a claim for water damage at the property, which damage was said to have occurred on March 12, 2008. On April 28, 2008, Juanita Esquibel, an American Family adjuster, met defendant, Mike Mewbourn, at the property and inspected the dwelling. American Family paid about 200,000 dollars to settle the water damage claim. On November 6, 2008, someone set

3

fire to the property. Haslam sought coverage under the policy. To date, American Family has refused to pay Haslam's claim for the fire damage.

In this case, American Family seeks a declaratory judgment declaring, *inter alia*, that the policy is void *ab initio* and that American Family has no obligation under the policy to provide coverage for the fire damage. American Family also seeks to recover the amounts it paid on the water damage claim, less the amount of the premiums it received on the policy. American Family alleges that defendants, Denver Haslam, Commercial Capital, Inc., M & B Development, Inc., and/or Michael Mewbourn, concealed and misrepresented material facts in an effort to induce American Family to issue the insurance policy. American Family contends that the concealments and misrepresentations of these defendants violate the fraud clause in the policy, releasing American Family from all obligations under the policy. In addition, American Family alleges that Haslam failed to cooperate in the investigation of the fire and has breached the provisions of the policy. Based on Haslam's alleged material breaches, American Family argues that it is relieved of all of its obligations under the policy.

American Family seeks a declaratory judgment, declaring

    1) That Haslam, CCI, Mewbourn, and/or M & B concealed and misrepresented material facts in an effort to induce American Family to issue the subject insurance policy;

    2) That the policy issued to Haslam by American Family is void *ab initio*, and American Family is entitled to recover the claims payments it made on the policy, less the amount of premiums it received on the policy;

    3) That the defendants violated the fraud clause of the policy and American Family, therefore, is released from its obligations under the policy concerning the fire claim;

    4) That Haslam failed to cooperate in the investigation of the fire claim and, therefore, has breached the provisions of the policy; and

> 5) That, based on Haslam's material breaches of the policy's terms, coverage is forfeited for the fire claim and American Family is relieved of its obligations under the policy for that claim.

*First Amended Complaint for Declaratory Judgment* [#15]. Haslam asserts three counterclaims against American Family based on American Family's present refusal to pay the fire claim. Haslam alleges counterclaims against American Family for breach of contract, bad faith denial and handling of insurance claim, and unfair and deceptive trade practices.

## IV. ANALYSIS

### A. MEWBOURN AND M & B DEVELOPMENT

Defendants, Michael Mewbourn and M & B Development (Mewbourn defendants), argue that they are entitled to summary judgment because there is no case and controversy between American Family and the Mewbourn defendants. It is undisputed that the Mewbourn defendants do not assert any interest in or claim to the proceeds of the insurance policy. Rather, the Mewbourn defendants disclaim any interest in or claim under the policy. An affidavit and discovery responses attached to the motion of the Mewbourn defendants demonstrate that the Mewbourn defendants disclaim any interest in the American Family policy. The Mewbourn defendants are not asserting any counterclaims against American Family. Absent a claimed interest in the policy or a claim to the proceeds of the policy, the Mewbourn defendants argue, they are entitled to summary judgment on American Family's declaratory judgment claims.

The Mewbourn defendants' motion is, in essence, a motion asserting that this court does not have jurisdiction over American Family's claims against the Mewbourn defendants. Therefore, I read the Mewbourn defendants' motion as a motion to dismiss for lack of jurisdiction under FED. R. CIV. P. 12(b)(1). A motion to dismiss for lack of

subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may consist of either a facial or a factual attack on the complaint. **Holt v. United States**, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack challenges the sufficiency of the complaint's allegations of subject matter jurisdiction. *Id*. When a defendant goes beyond the allegations of the complaint to challenge the facts on which subject matter jurisdiction rests, the court may not presume the truth of the allegations of the complaint. **Sizova v. National Institute of Standards & Technology**, 282 F.3d 1320, 1324 (10th Cir. 2002); **Holt**, 46 F.3d at 1003. "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." **Holt**, 46 F.3d at 1003. The consideration of such materials generally does not convert the motion into one for summary judgment, except when "'the jurisdictional question is intertwined with the merits of the case.'" **Sizova**, 282 F.3d at 1324 (quoting **Wheeler v. Hurdman**, 825 F.2d 257, 259 (10th Cir.), **cert. denied**, 484 U.S. 986 (1987)). The motion of the Mewbourn defendants presents a factual attack based on their assertion that they disclaim any interest in the insurance policy, and the jurisdiction question presented is not intertwined with the merits of the case.

In its response [#233] to the Mewbourn defendants' motion for summary judgment, American Family argues that even though the Mewbourn defendants have disclaimed any interest in the policy, they remain essential parties to this case with regard to American Family's effort to recover funds paid by American Family in connection with the water loss claim. *Response* [#233], p. 2. American Family argues that the Mewbourn defendants' motion for summary judgment should be denied because "the evidence being gathered by American Family in this case implicates the fraudulent conduct of [the Mewbourn defendants] . . . ." *Response* [#244], p. 11.

6

American Family contends that information obtained in discovery indicates that the Mewbourn defendants engaged in insurance fraud in connection the water loss claim on the property. American Family says it "anticipates that it will be able to present a viable claim as to [the Mewbourn defendants'] fraudulent conduct based on the documents gathered through discovery or the Court's imposition of appropriate sanctions." *Id*. at 3. To date, American Family has not sought leave to amend its complaint in this case.

The one declaratory judgment claim that names Mewbourn and M & B is stated in paragraph 54(a) of the complaint. There, American Family alleges that the Mewbourn defendants "misrepresented material facts in an effort to induce American Family to issue the subject policy." *Complaint* [#15], ¶ 54(a). Assuming that American Family could prove that allegation against the Mewbourn defendants, the consequence of such proof, based on the relief sought in the complaint, would be a declaration that the policy is void and, possibly, that American Family is due the amounts it paid on the water damage claim, less the premiums it received on the policy. The record contains no allegation or evidence that the Mewbourn defendants received the funds paid by American Family on the water damage claim. Nothing in the record indicates that the Mewbourn defendants would gain any benefit or would suffer any detriment, if American Family succeeds on some or all of its claims for declaratory relief.

Considering the declaratory judgment claims asserted by American Family in its complaint [#15] and the facts established by the Mewbourn defendants, I conclude that American Family's claims do not concern or present a case or controversy between American Family and either of the Mewbourn defendants. The "existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." **Chihuahuan Grasslands Alliance v. Kempthorne**, 545 F.3d 884, 891 (10th Cir. 2008). Article III of

the United States Constitution limits the jurisdiction of the federal courts to cases and controversies. Absent a case or controversy between American Family and the Mewbourn defendants, I do not have jurisdiction over American Family's claims against the Mewbourn defendants. Therefore, under FED. R. CIV. P. 12(b)(1), I dismiss American Family's claims against the Mewbourn defendants.

## B. BANKS & HASLAM

I have reviewed carefully the motion for partial summary judgment [#195] filed by defendants, OneWest Bank, FSB, Deutsche Bank National Trust Company, and Denver Haslam, the plaintiff's response [#235], the moving defendants' reply [#246], and the applicable law. With regard to the issues raised in the motion for partial summary judgment [#195], I conclude that there are genuine issues of material fact that are not appropriate for summary resolution. Thus, the motion for partial summary judgment [#195] is denied.

## C. FALL RIVER VILLAGE COUNTERCLAIMS

American Family seeks summary judgment on the three counterclaims asserted against American Family by defendant, Fall River Village Communities, LLC. In the **Defendants' Joint Status Report** [#274] filed August 6, 2010, Fall River Village indicates that it is asserting three counterclaims against American Family: (1) breach of implied contract; (2) breach of contract implied in law because of fraud; and (3) negligence. In its counterclaims [#167], Fall River Village asserted also a claim for breach of contract based on an allegation that Fall River Village is a third party beneficiary of the insurance policy. Based on Fall River Village's representation in the status report [#274], I conclude that Fall River Village no longer is asserting a claim that it Is a third party beneficiary of the policy.

i. Implied Contract

Fall River Village argues that an implied contract was created between Fall River Village and American Family based on Fall River Village's funding of the payment of premiums on the insurance policy and American Family's knowledge that Fall River held a security interest in the property. "Implied in fact contracts arise from conduct of the parties which evidences a mutual intention to contract with each other." ***N.Y. Life Ins. Co. v. K N Energy, Inc.***, 80 F.3d 405, 412 (10th Cir. 1996) (internal quotation omitted). As American Family notes, there is no evidence in the record that shows that American Family was aware that Fall River Village was funding the payment of the premiums on the policy. *Motion for summary judgment* [#212], p. 12. The checks received by American Family as premium payments were checks drawn on the account of defendant, Commercial Capital, Inc. *Motion for summary judgment* [#212], Exhibit C (Lane Depo.), 65:2 - 69:18. Funds for those checks were drawn on a construction loan funded by Fall River Village, *Id.*, but there is no evidence in the record indicating that American Family was aware of this construction loan or the arrangement for premium payments to be funded by the construction loan.

Even if American Family was aware that Fall River Village was funding the premium payments, that awareness would not establish a contract between American Family and Fall River Village. ***See Jimerson v. First American Title Ins. Co.***, 989 P.2d 258, 260 (Colo. App. 1999) (third party's payment of insurance premiums does not create obligations not expressly provided for in the policy). Fall River Village cites the fact that it was in frequent contact with American Family representatives prior to the fire, and that Fall River Village informed American Family that Fall River Village held a security interest in the property. Assuming these facts to be true, such knowledge on

9

the part of American Family, without more, cannot reasonably be seen as demonstrating intent by American Family to contract with Fall River Village. Based on this evidence, no reasonable fact finder could find in favor of Fall River Village on its implied contract claim.

### ii. Implied Contract Based on Fraud

Fall River Village's claim for breach of contract implied in law based on fraud is, in essence, a claim for unjust enrichment. *Jorgensen v. Colorado Rural Properties, LLC*, 226 P.3d 1255, 1258-1259 (Colo. App. 2010) (unjust enrichment has been viewed as arising from implied contract, but actually is an equitable remedy that does not arise from an exchange of promises). Fall River Village agrees with this characterization of this claim. *Response* [#220], p. 14. To establish unjust enrichment, Fall River Village must show (1) that American Family Received a benefit; (2) at the expense of Fall River Village; (3) under circumstances that would make it unjust for American Family to retain the benefit without paying Fall River Village commensurate compensation. *Id*. at 1258. Fall River Village alleges that it funded the payment of premiums to American Family "relying on the assumption that the concealed / undisclosed facts were different from what they actually were," and that American Family benefitted from Fall River Village's payment of premiums on the policy. *Answer and counterclaims* [#167], ¶ 40. Fall River Village contends that American Family's retention of the premiums is unjust because American Family fraudulently concealed facts about the insurance policy, including the named loss payee, the content of the policy, and the details of payment on the claim for water damage. To prove fraudulent concealment, Fall River Village must show (1) concealment of a material fact that in equity and good conscience should be disclosed; (2) knowledge on the part of American Family that such fact is being concealed; (3) Fall

River Village's ignorance of the fact; (4) American Family's intention that Fall River Village take action based on the concealment; and (5) Fall River Village's action on the concealment resulting in damages. ***Kopeikin v. Merchants Mortg. and Trust Corp.***, 679 P.2d 599, 601 (Colo. 1984).

As discussed above, there is no evidence in the record that shows that American Family was aware that Fall River Village was funding the payment of premiums on the policy. *Motion for summary judgment* [#212], p. 12.  If American Family was not aware that Fall River Village was funding the insurance premiums, then no reasonable fact finder could conclude that American Family sought to induce the payment of premiums by Fall River Village by concealing facts from Fall River Village.  Absent evidence that American Family intended to induce payment by Fall River Village, Fall River Village cannot establish a fraudulent concealment by American Family.  Absent evidence of a fraudulent concealment, Fall River Village cannot establish its unjust enrichment claim.

### iii.  Negligence

To establish its claim for negligence, Fall River Village must show (1) that American Family owed a duty to Fall River Village; (2) that American Family breached that duty; (3) that Fall River Village suffered and injury; and (4) that the breach of duty caused the injury.  ***Scott v. Matlack, Inc.***, 39 P.3d 1160, 1166 (Colo. 2002).  American Family argues that Fall River Village cannot establish a negligence claim because there is no evidence that American Family owed a duty to Fall River Village.  American Family notes that Fall River Village was not a party to the insurance policy and that, therefore, no duty arises from the existence of the policy.

Fall River Village argues that American Family owed a duty to Fall River Village based on the special relationship between these two entities. Fall River Village cites two

11

cases as the basis for this argument. ***Jefferson County School Dist. R-1 v. Justus***, 725 P.2d 767, 769 - 770 (Colo. 1986); ***Western Innovations, Inc. v. Sonitrol Corp.***, 187 P.2d 1155, 1159 - 1160 (Colo. App. 2008). These cases analyze sections 323 and 324A of the *Restatement (Second) of Torts* (1979).

> Section 323 provides:
>
> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
>
> (b) the harm is suffered because of the other's reliance upon the undertaking.

*Restatement (Second) of Torts* § 323 (1979). I conclude that Section 323 is not applicable to the facts of this case because American Family did not undertake to render services for Fall River Village. ***Sonitrol***, 187 P.3d at 1160.

Section 324A provides a similar rule applicable in different circumstances. Section 324A provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Restatement (Second) of Torts* § 324A (1979). I conclude that Section 324A is not

applicable to this case. Notably, Section 324A concerns liability for "physical harm resulting" from a failure to exercise reasonable care. Here, the only physical harm in question is the fire at the property. There is no evidence that American Family's alleged negligence was a cause of the fire.

Fall River Village does not cite any other basis for its contention that American Family owed a duty to Fall River Village. Absent a legal duty owed by American Family to Fall River Village, Fall River Village cannot establish a negligence claim against American Family.

### iv. Conclusion

Viewing the facts in the record in the light most favorable to Fall River Village, no reasonable fact finder could find in favor of Fall River Village on its counterclaims for implied contract, contract implied in law based on fraud, or negligence. Thus, American Family is entitled to summary judgment on each of these counterclaims.

### D. HASLAM COUNTERCLAIMS

I have reviewed carefully the motion for summary judgment [#214] filed by American Family concerning the three counterclaims asserted against American Family by Haslam, Haslam's response[#221], American Family's reply [#244], and the applicable law. With regard to the issues raised in this motion for summary judgment [#214], I conclude that there are genuine issues of material fact that are not appropriate for summary resolution. The motion for summary judgment [#214] is denied.

### V. CONCLUSION & ORDERS

Based on the claims asserted in American Family's complaint [#15], there is no live case or controversy between American Family and defendants, Michael Mewbourn and M & B Development (Mewbourn defendants). Under FED. R. CIV. P. 12(b)(1),

American Family's claims against the Mewbourn defendants are dismissed for lack of jurisdiction.

Viewing the facts in the record in the light most favorable to Fall River Village, no reasonable fact finder could find in favor of Fall River Village on its counterclaims for implied contract, contract implied in law based on fraud, or negligence. American Family is entitled to summary judgment on each of these counterclaims.

On the other hand, there remain genuine issues of material fact concerning the issues raised in the **Motion for Partial Summary Judgment on Behalf of Defendants Onewest Bank, FSB, Deutsche Bank National Trust Company and Denver Haslam** [#195], and in the **Plaintiff's Motion for Summary judgment on the Counterclaim of Defendant Haslam** [#214]. Therefore, I deny these two motions.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion for Summary Judgment on Behalf of Defendants Mikel Mewbourn and M & B Development Group, Inc.** [#194] filed June 1, 2010, is **GRANTED**;

2. That the **Motion for Partial Summary Judgment on Behalf of Defendants Onewest Bank, FSB, Deutsche Bank National Trust Company and Denver Haslam** [#195] filed June 1, 2010, is **DENIED**;

3. That the **Plaintiff's Motion for Summary judgment on the Counterclaim of Defendant Fall River Village Communities, LLC** [#212] filed June 1, 2010, is **GRANTED**; and

```
```

4.  That the **Plaintiff's Motion for Summary judgment on the Counterclaim of Defendant Haslam** [#214], filed June 1, 2010, is **DENIED**.

Dated January 10, 2011, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge