**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  09-cv-00724-DME-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, INC.,

      Plaintiff,

v.

DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,
MIKEL MEWBOURN,
M&B DEVELOPMENT GROUP, INC.
FALL RIVER VILLAGE COMMUNITIES, LLC,
ONEWEST BANK, FSB, and,
DEUTSCHE BANK NATIONAL TRUST COMPANY,

      Defendants.

---

**ORDER GRANTING DEFENDANTS' JOINT MOTION TO BIFURCATE TRIAL**

---

      This matter comes before the Court on Defendants' Joint Motion to Bifurcate Trial [Doc. 269], Plaintiff's Response [Doc. 277], and Defendants' Reply [Doc. 278].  Pursuant to Federal Rule of Civil Procedure 42(b), the defendants seek to bifurcate the cross-claims filed by OneWest Bank, FSB, Deutsche Bank National Trust Company (collectively the Banks), and Fall River Village Communities, LLC (Fall River) against Denver Haslam.  For the reasons stated below, the Court GRANTS the motion.

**I. BACKGROUND**

      Plaintiff American Family Mutual Insurance Company, Inc. (American Family) initiated this suit seeking a declaratory judgment that a homeowner's insurance policy issued to Denver Haslam should be void ab initio.  The insurance policy covers a property destroyed by fire on

November 6, 2008.  American Family alleges that Haslam along with Commercial Capital, Inc.,

Michael Mewbourn, and M&B Development, Inc. concealed and misrepresented material facts

in an effort to induce American Family to issue the insurance policy.  Therefore, American

Family contends that the defendants' conduct violated the fraud clause of the policy, which

releases American Family from its obligations.  Finally, American Family argues that Haslam

failed to cooperate in the investigation of the fire, which is a breach of the policy and also

releases American Family from its obligations.  Haslam filed counterclaims against American

Family based on American Family's refusal to pay the fire claim.

      The Banks and Fall River had loan agreements with Haslam for the property in question,

but the insurance policy did not name the Banks or Fall River as mortgagees or loss payees.  So

the Banks and Fall River filed cross-claims against Haslam alleging breaches of their loan

agreements.  It is those cross-claims that all of the defendants now jointly seek to bifurcate.

## II. DISCUSSION

      Federal Rule of Civil Procedure 42(b) allows courts "[f]or convenience, to avoid

prejudice, or to expedite and economize . . . , [to] order a separate trial of one or more separate

issues, claims, crossclaims, counterclaims, or third-party claims."  Fed. R. Civ. P. 42(b).

Nevertheless, bifurcation is the exception, not the rule.  See Fed. R. Civ. P. 42(b) advisory

committee's note (explaining that bifurcation should not be "routinely ordered" but "it is

important that it be encouraged where experience has demonstrated its worth").  "The district

courts have broad discretion in deciding whether to sever issues for trial . . . ."  Green Constr.

Co. v. Kan. Power & Light Co., 1 F.3d 1005, 1011 (10th Cir. 1993) (internal quotation marks

omitted).  "Bifurcation is not an abuse of discretion if such interests favor separation of issues

2

and the issues are clearly separable." <u>Angelo v. Armstrong World Indus., Inc.</u>, 11 F.3d 957, 964 (10th Cir. 1993).  And bifurcation is often in the interest of efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims. <u>See</u> <u>Mandeville v. Quinstar Corp.</u>, 109 F. App'x 191, 194 (10th Cir. 2004) (unpublished) (approving bifurcation when a trial on piercing the corporate veil would have been unnecessary absent a ruling that the corporation breached a contract).

Defendants seek to bifurcate the cross-claims asserted by the Banks and Fall River against Haslam concerning their loan agreements for four reasons.  First, bifurcation will serve judicial economy because a verdict in favor of the defendants on the issues related to the insurance policy might dispose of a need for a second trial on the issues related to the loans.  If the insurance proceeds are unavailable, then the Banks' and Fall River's only recourse to recover the loans made to Haslam is through these cross-claims.  But there is a possibility that if the defendants prevail on the claims concerning the insurance policy, then American Family will be obligated to pay the fire claim, which in turn will provide funds to repay the loans.  Second, bifurcation will not inconvenience the parties.  All of the defendants agree that trial on the cross-claims should be bifurcated.  American Family protests.  But American Family would not be inconvenienced by bifurcation because it would not be a party to a second trial on the loans. Third, bifurcation will expedite the trial because this trial will be focused solely on the claims related to the insurance policy, and, therefore, there will be no need to present additional witnesses and evidence concerning the loans.  Fourth and finally, bifurcation will avoid prejudice and confusion.  The cross-claims asserted against Haslam arise out of his alleged breach and default on his loan agreements, and the jury might improperly impute those alleged wrongful

3

acts to American Family's rescission claim.  Further, the issues involved in the claims concerning the insurance policy and the claims concerning the loans are separable, and trying all of those claims together would be potentially confusing for a jury.

American Family objects to the bifurcation of the cross-claims.  First, American Family argues that bifurcation will not serve judicial economy because a verdict in favor of the defendants on the claims related to the insurance policy will not necessarily dispose of the need for a second trial.  American Family argues that even if it is obligated to pay the fire claim, the amount might be less than the policy limit and also less than Haslam's loan obligations.  Second, American Family argues that bifurcation will not convenience the parties because trying the cross-claims will not require many additional witnesses or voluminous documents.  Similarly, American Family argues that bifurcation will not expedite the trial because of the limited nature of the cross-claims.  And, finally, trying the claims related to the insurance policy and the claims related to the loans together will not result in jury confusion because the cross-claims are uncomplicated and straightforward.

After weighing the parties' arguments and the considerations of judicial efficiency, economy, convenience, and prejudice, this Court determines that the cross-claims should be bifurcated.  Asking the jury simultaneously to consider the discrete issues implicated by these separable issues will unnecessarily complicate and potentially confuse the determination of American Family's obligation.  Moreover, depending on the jury's verdict, the cross-claims may evanesce.  Therefore, this case presents the exception to the rule when bifurcation is appropriate for convenience and judicial economy.  Thus, this Court grants Defendants' Joint Motion to Bifurcate Trial.

## III. CONCLUSION

This Court ORDERS as follows:

1. Defendants' Joint Motion to Bifurcate Trial [Doc. 269] is GRANTED;

2. Only American Family's claims and Haslam's counterclaims against American Family shall be tried during the initial trial of this case, currently scheduled to commence on Monday, April 18, 2011; and

3. The Court shall schedule a trial of the Banks' and Fall River's cross-claims, if necessary, in front of a separate jury after the jury returns its verdict in the trial set to commence on April 18, 2011.

Dated this ____22nd____ day of _____March__, 2011.

BY THE COURT:


*s/ David M. Ebel*
_____
U. S. CIRCUIT COURT JUDGE
DISTRICT OF COLORADO