IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00724-DME-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,
ONEWEST BANK, FSB,
DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Defendants;

DENVER HASLAM,

    Counter Claimant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Counter-Defendant;

ONEWEST BANK, FSB,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
FALL RIVER VILLAGE COMMUNITIES, LLC,

    Cross-Claimants,

v.

DENVER HASLAM,

    Cross-Claim Defendant.

**ORDER ON MOTION TO FILE DESIGNATION OF NONPARTY AT FAULT**

Before the Court is Plaintiff/Counter-Defendant's Motion for Leave to File Designation of

Nonparty [filed February 10, 2011; docket #298]. The matter is briefed, and the Court believes oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the motion is **denied**.

## I.     Background

The Court has set forth the facts of this case in previous orders and, thus, perceives no need to repeat them here. The current dispute concerns a request by Plaintiff/Counter-Defendant, American Family Mutual Life Insurance Company ("American Family"), to designate Mikel Mewbourn as a non-party at fault pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b). American Family contends that Mr. Mewbourn, a former defendant in this case, "owed fiduciary duties of care to Denver Haslam as it concerned contacts with the David Aldfinger agency and American Family, procurement of the homeowners insurance policy and claims made under the homeowners insurance policy." *See* proposed Designation, docket #298-1 at 2.

Defendant/Counter-Plaintiff Haslam and Defendants OneWest Bank and Deutsche Bank National Trust Company (collectively, "Respondents") filed a joint response to the motion arguing that Mewbourn is not properly designated as a nonparty under the statute, because he cannot be named as a defendant, and is not liable, for the counterclaims made by Haslam against American Family. Specifically, Haslam brings claims for breach of insurance contract, bad faith breach of insurance contract, and a statutory claim for improper delay or denial of the payment of insurance benefits. Respondents assert that the designation statute applies only to persons who may be at fault for torts (as opposed to contract claims) and that none of the counterclaims allege tortious conduct. Moreover, Respondents argue that Mewbourn was not a party to the insurance contract and, therefore, cannot be held liable for breach of the contract; Mewbourn was not involved in the relationship between the insurer (American Family) and insured (Haslam) and, thus, cannot be liable

for a bad faith claim; and Mewbourn cannot be held liable under a statute prohibiting insurance companies from unreasonably denying or delaying insurance payments. Finally, Respondents contend that American Family's proposed Designation (docket #298-1) fails to meet statutory notice requirements in failing to provide sufficient facts "that could establish that Mewbourn was somehow involved with or responsible for American Family's claims-handling practices, its decision to deny Haslam's claim for losses due to fire damage, or its decision to sue Haslam in order to void the Policy."

American Family replies countering that it need only, under Colorado law, make out a *prima facie* case that Mewbourn owed a legal duty to Haslam and that he breached that duty, but need not demonstrate that Mewbourn owed Haslam a legal duty under the insurance policy itself. American Family contends that a third party, who is not a party to a contract, may be designated as a nonparty in a bad faith claim. As such, American Family states that its notice sufficiently describes Mewbourn's fiduciary duty to Haslam and how he breached such duty.

## II.     Analysis

For a designation of a non-party to be proper, the moving party must give notice of the designation within ninety (90) days of the commencement of the action unless the court considers a longer period necessary. Colo. Rev. Stat. § 13-21-111.5(3)(b). The notice must set forth the "nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault." *Id*.

In *Redden v. SCI Colorado Funeral Servs.*, 38 P.3d 75 (Colo. 2001) (en banc), the Colorado Supreme Court held that "[c]ourts should construe [nonparty] designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover." *Id.*

at 80 (citing cases). The court stated, "Our statute is clear that a non-party designation is reserved for individuals or entities who might themselves be at fault and therefore liable for the *injury at issue*." *Id.* at 81 (emphasis added).

A party seeking to designate a nonparty at fault need not prove the nonparty's fault or negligence, but the submission must "go beyond bald allegation"; that is, "[a] proper nonparty designation connects alleged facts with the established elements of negligence." *Redden*, 38 P.3d at 81. In other words, "a nonparty-at-fault designation is improper when the moving defendant fails to establish a *prima facie* case that the potential nonparty breached a legal duty to the plaintiff." *Stone v. Satriana*, 41 P.3d 705, 709 (Colo. 2002).

Here, American Family contends that its designation is proper because it establishes a *prima facie* case of Mewbourn's breach of his fiduciary duty to Haslam. However, American Family's argument is based upon a faulty premise, which is stated in a footnote in American Family's reply brief: "[the designating] party must only make out a prima facie case that the nonparty breached the duty that the designating party claims is owed to the plaintiff." Reply, p. 9 n. 1 at docket #304. In other words, American Family appears to argue that it is proper to designate a nonparty for ***any*** claim that the plaintiff may have against the nonparty, even though it is not at issue in the case, so long as the defendant asserts a *prima facie* case for that claim. Under this premise, American Family seeks to designate Mewbourn by asserting a *prima facie* case for a claim of breach of fiduciary duty Haslam may have against Mewbourn,[1] rather than for the actual counterclaims asserted by Haslam against American Family for breach of insurance contract, bad faith breach of contract and

---

[1] American Family contends that such breach arises under its affirmative defenses to the bad faith counterclaim; however, as set forth below, American Family fails to provide legal support for such designation.

unreasonable delay or denial of the payment of insurance benefits.[2] American Family's arguments to the contrary, the Court has found no caselaw supporting such designation.

The cases are clear that the proposed nonparty be potentially liable for the "injury at issue." *Redden*, 38 P.3d at 81. Here, American Family identifies neither the breach of contract nor statutory counterclaims in its argument but, rather, appears to rely on the counterclaim for "bad faith breach of insurance contract" for its nonparty designation. However, rather than demonstrate how Mewbourn may be liable for such tort as required under § 13-21-111.5(3), American Family asserts that, pursuant to its own affirmative defense theories, Mewbourn is potentially liable to Haslam for a breach of fiduciary duty claim.

For its position that a designating party need only show the breach of a legal duty owed to the plaintiff other than that at issue, American Family relies on the Colorado Supreme Court's opinion in *Stone*, 41 P.3d at 709. In that case, the court affirmed that "a nonparty-at-fault designation is only proper when the defendant has made out a prima facie case that the potential nonparty breached a legal duty to the plaintiff," and held that "because [defendant has] failed to allege a cognizable legal malpractice claim on which Barnhart and Ekker's fault can rest, the designation of Barnhart and Ekker as nonparties at fault was in error." *Id.* at 712. The court went on to determine whether the proposed nonparties, Barnhart and Ekker, could be liable for legal malpractice, the injury at issue in the case, by analyzing the elements of the claim. *Id.* The court mentions nothing in *Stone* as to whether a designating party need only demonstrate the breach of *any* legal duty to the plaintiff, or even to a breach that may arise pursuant to an affirmative defense

---

[2]By making this observation, the Court does not assume the validity of a designation of a nonparty for contract claims. In fact, the prevailing law appears to hold that Colo. Rev. Stat. § 13-21-111.5(3)(b) applies only to torts. *See, e.g., Slack v. Farmers Ins. Exch.*, 5 P.3d 280, 283-84 (Colo. 2000).

theory.

The same is true in *Antolovich v. Brown Group Retail, Inc.*, 183 P.3d 582, 591 (Colo. App. 2007), another case cited by American Family. The court in *Antolovich* was asked to determine whether designations of nonparties in a negligence action were timely and whether the notices sufficiently demonstrated a *prima facie* case of negligence in the release of toxic chemicals, which allegedly caused injuries to the plaintiff homeowners. *Id.* at 591-93. As in *Stone*, the court in *Antolovich* makes no mention of a designating party's ability to demonstrate the breach of a legal duty owed to the plaintiff other than that at issue in the case. *See also Redden*, 38 P.3d at 81 (addressing the designation of a nonparty for personal injuries in a negligence action).

Citing *Slack v. Farmers Ins. Exch.*, 5 P.3d 280 (Colo. 2000), American Family contends that a third party who is not a party to a contract may be designated as a nonparty in a bad faith claim. In *Slack*, the jury found in favor of the plaintiff on her negligence claim and bad faith breach of contract claim for which the plaintiff alleged that Farmers acted improperly by sending her to a chiropractor it knew or should have known would injure her. *Id.* at 283. The supreme court affirmed Farmers' designation of the chiropractor as a nonparty at fault to which the jury apportioned damages. *Id.* Notably, the court does not specify, nor even mention, that the designation was appropriate for the bad faith claim. In fact, this Court does not perceive how such designation would be appropriate. The basis for tort liability for a bad faith claim is the *insurer's* conduct in unreasonably refusing to pay a claim to, and/or failing to act in good faith toward, its insured. *Goodson v. American Standard Ins. Co.*, 89 P.3d 409, 414 (Colo. 2004). Neither the chiropractor in *Slack* nor Mewbourn in this case have any part in the insurance relationship under which the bad faith claim arises. It is clear, even from a cursory reading of the case, that the designation of the chiropractor in *Slack* pertained to the plaintiff's negligence claim.

Because the Court concludes that Mewbourn is not a proper nonparty at fault pursuant to § 13-21-111.5(3)(b), the Court need not address the question whether notice given in the proposed Designation is sufficient.

## III.   Conclusion

American Family has failed to establish a *prima facie* case that Mewbourn breached a legal duty to Haslam for the injuries at issue. Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Plaintiff/Counter-Defendant's Motion for Leave to File Designation of Nonparty [filed February 10, 2011; docket #298] is **denied**.

Dated at Denver, Colorado, this 25th day of March, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge