## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00724-DME-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, INC.,

      Plaintiff,

v.

DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,
MIKEL MEWBOURN,
M&B DEVELOPMENT GROUP, INC.
FALL RIVER VILLAGE COMMUNITIES, LLC,
ONEWEST BANK, FSB, and,
DEUTSCHE BANK NATIONAL TRUST COMPANY,

      Defendants.

---

**ORDER GRANTING AMERICAN FAMILY MUTUAL INSURANCE COMPANY, INC.'S NOTICE OF BANKRUPTCY TRUSTEE'S POSITION THAT TRIAL SET FOR APRIL 18, 2001 IS SUBJECT TO AUTOMATIC STAY PENDING RELIEF FROM STAY AND CORRESPONDING REQUEST FOR A <u>FORTHWITH</u> ORDER VACATING TRIAL DATE**

---

This matter comes before the Court on American Family Mutual  Insurance Company,

Inc.'s (American Family's) Notice of Bankruptcy Trustee's Position that Trial Set for April 18,

2011 Is Subject to Automatic Stay Pending Relief from Stay and Corresponding Request for a

<u>Forthwith</u> Order Vacating Trial Date [Doc. 308], Defendants OneWest Bank, FSB's, Deutsche

Bank National Trust Company's and Denver Haslam's Response in Opposition to Plaintiff's

"Request" for Forthwith Order Vacating Trial Date [Doc. 311], Supplement to Defendants

OneWest Bank, FSB's, Deutsche Bank National Trust Company's and Denver Haslam's

Response in Opposition to Plaintiff's "Request" for Forthwith Order Vacating Trial Date [Doc.

312], American Family's Reply in Support of Notice and Request Concerning Automatic Stay

[Doc. 313], and Supplement to American Family's Reply in Support of Notice and Request

Concerning Automatic Stay [Doc. 314].  American Family seeks an order from this Court

vacating the trial date of April 18, 2011, and for the following reasons the Court GRANTS that

request.

## I. BACKGROUND

Plaintiff American Family Mutual Insurance Company, Inc. (American Family) initiated

this suit seeking a declaratory judgment that a homeowner's insurance policy issued to Denver

Haslam should be void ab initio.  The insurance policy covers a property destroyed by fire on

November 6, 2008.  The named loss payee on that policy is Commercial Capital, Inc. (CCI).

On April 22, 2009, CCI filed for Chapter 11 bankruptcy in the United States Bankruptcy

Court for the District of Colorado, though CCI did not disclose the bankruptcy proceeding to this

Court until July 10, 2009.  [Doc. 50.]  Then, on July 13, 2009, this Court stayed the matter as to

CCI pending the outcome of the bankruptcy proceedings.  [Doc. 53.]

Over twenty months later, on March 17, 2011, the case was transferred from Judge

Babcock to this Court, and trial was set to commence on April 18, 2011.  [Doc. 303, 306.]  Soon

thereafter, American Family filed a motion asking this Court to vacate that trial date because it

believes the automatic stay applies to the proceedings in this case.  [Doc. 308.]  Defendants

OneWest Bank, Deutsche Bank, and Haslam filed a response arguing that the trial should go

forward as scheduled.  OneWest Bank, Deutsche Bank, and Haslam also inform this Court that

they filed an Unopposed Emergency Motion for Relief from the Automatic Stay in the

bankruptcy court, so that this trial can move forward as scheduled.  [Doc. 311-4.]  Finally,

OneWest Bank, Deutsche Bank, and Haslam filed a motion with the bankruptcy court, which has

been granted, requesting an order shortening the deadline for objections to their motion for relief

from the stay and setting a hearing on that motion for April 6, 2011.  [Doc. 311-5.]

## II. DISCUSSION

Section 362 of Chapter 11 of the United States Code provides that a petition for Chapter

11 bankruptcy operates as a stay of

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . . and

> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a) (2006).  The purpose of the automatic stay is to protect the creditors' interests

as a whole by preserving remaining assets of the debtor's estate in order to provide orderly

distribution amongst creditors and to protect debtors from harassment by their creditors.  In re

Johnson, 575 F.3d 1079, 1083 (10th Cir. 2009).

There have been conflicting allegations concerning the parties' motives and diligence

pertaining to the effect of the CCI bankruptcy on trial proceedings in this case.  And the Court

may have to address whether and which parties have acted inappropriately at a later time.  But at

this point the Court only faces one question: Should this case go to trial on April 18, 2011?  The

answer to that is no.

CCI is a required party in this litigation.  See Fed. R. Civ. P. 19 (requiring a party to be

joined if "that person claims an interest relating to the subject of the action and is so situated that

disposing of the action in the person's absence may . . . as a practical matter impair or impede the

person's ability to protect the interest").  While CCI need not be joined because American

Family has already filed suit against CCI, the principles of Rule 19 apply in this situation.  CCI

claims an interest in this action because it is the named loss payee on the policy.  A judgment in favor of American Family without CCI's participation might deprive CCI of the policy's payout without giving CCI an opportunity to protect its interest.  Similarly, given all the actual or threatened claims among the various parties, even a judgment in favor of CCI on the claim by American Family could impact the parties' rights in a way that is not consistent with the automatic stay.  Therefore, this Court believes that all matters related to American Family's obligation, or lack thereof, to pay the claim made on this insurance policy should be resolved in one trial and at one time with CCI's full and complete participation.

CCI's full and complete participation cannot be achieved by the trial currently set to begin in eighteen days.  CCI's Trustee asserts that any relief from the automatic stay "must be conditioned upon CCI having a reasonable opportunity to file an answer, counterclaim(s), and cross-claim(s), obtain answers and replies thereto and otherwise be allowed to file dispositive motions so as to preserve and protect the estate's interest in the" policy at issue in this case. [Doc. 314-1 at 1.]  So even if the bankruptcy court were to grant relief from the automatic stay on those conditions, the trial will not be able to proceed until those pleadings are resolved. Further, even if the bankruptcy court grants relief from the automatic stay, Bankruptcy Rule 4001(a)(3) generally stays an order granting a motion for relief from an automatic stay until the expiration of fourteen days after the entry of the order.  It is apparent that the time requirements for filing pleadings, responses, and replies in this case, as well as the stay in bankruptcy court that may apply to any bankruptcy court order for relief from the automatic stay, make it impossible to attain CCI's full and complete participation by April 18.  Therefore, the Court grants American Family's motion.

4

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that

1.      American Family's Notice of Bankruptcy Trustee's Position that Trial Set for April 18, 2011 Is Subject to Automatic Stay Pending Relief from Stay and Corresponding Request for a <u>Forthwith</u> Order Vacating Trial Date [Doc. 308] is GRANTED;

2.      The trial date of April 18, 2011; the pretrial conference set for April 6, 2011; and the obligations in preparation for those dates outlined in this Court's Order dated March 22, 2011, [Doc. 306], are vacated;

3.      The above-captioned case is stayed until the parties obtain relief from the automatic stay from the United States Bankruptcy Court for the District of Colorado (Case No. 09-17238 MER);

4.      This case will be administratively closed until the parties notify this Court that the bankruptcy court has granted relief from the automatic stay or that the bankruptcy case is dismissed.  Once the parties provide such notification, this Court will expeditiously set a hearing to determine what needs to be accomplished before a new trial date can be set.  It is the Court's intention, once that happens, to set a new trial date as quickly as possible; and

5.      If by October 3, 2011, the bankruptcy court has not granted relief from the automatic stay, then the parties are ordered to file a status report on the bankruptcy proceedings.

Dated this ___31st___ day of ___March__, 2011.

BY THE COURT:

*s/ David M. Ebel*

_____

U. S. CIRCUIT COURT JUDGE