**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  09-cv-00724-DME-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

DENVER HASLAM
COMMERCIAL CAPITAL, INC.
ONEWEST BANK, FSB
DEUTSCHE BANK NATIONAL TRUST COMPANY

    Defendants;

DENVER HASLAM

    Counter-Claimant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Counter-Defendant;

ONEWEST BANK, FSB
DEUTSCHE BANK NATIONAL TRUST COMPANY,
FALL RIVER VILLAGE COMMUNITIES, LLC,

    Cross-Claimants,

v.

DENVER HASLAM,

    Cross-Claim Defendant.

### ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR LEAVE TO FILE DESIGNATION OF NONPARTIES AND DENYING MOTION TO CONSOLIDATE CASES FOR TRIAL

This matter comes before the Court on Plaintiff/Counter-Defendant American Family's Objection to Magistrate Judge's Order Denying Motion for Leave to File Designation of Nonparties [Doc. 320] and the parties' respective briefs addressing that order. Pursuant to Colorado Revised Statute § 13-21-111.5(3)(b), American Family had sought leave to designate Mikel Mewbourn as a nonparty. After fully considering the parties' arguments and for the reasons stated below, the Court OVERRULES the objection and AFFIRMS Magistrate Judge Hegarty's order.

Also at issue is Plaintiff/Counter-Defendant American Family's Motion to Consolidate Cases for Trial Pursuant to Fed. R. Civ. P. 42(a) [Doc. 323] and the parties' respective briefs on that issue. Pursuant to Federal Rule of Civil Procedure 42(a), American Family seeks to consolidate for trial this case, American Family Mutual Insurance Company v. Haslam, No. 09-cv-00724-DME-MEH, with American Family Mutual Insurance Company v. Mewbourn, 11-cv-00522-MSK-KMT. For the reasons stated below, the Court DENIES this motion.

### I. BACKGROUND

Plaintiff American Family Mutual Insurance Company, Inc. (American Family) initiated this suit seeking a declaratory judgment that a homeowner's insurance policy issued to Denver Haslam should be void ab initio. The insurance policy covers a property destroyed by fire on November 6, 2008. American Family alleges that Haslam, along with Commercial Capital, Inc., Michael Mewbourn, and M&B Development, Inc., concealed and misrepresented material facts

in an effort to induce American Family to issue the insurance policy.  Therefore, American Family contends that the defendants' conduct violated the fraud clause of the policy, which releases American Family from its obligations.  Finally, American Family argues that Haslam failed to cooperate in the investigation of the fire, which is a breach of the policy and also releases American Family from its obligations.  Haslam filed counterclaims against American Family based on its refusal to pay the fire claim.

The Court previously granted Mewbourn and M&B Development's motion for summary judgment concerning American Family's claims against them.  After that, American Family moved for leave to designate Mewbourn as a nonparty pursuant to Colorado Revised Statute § 13-21-111.5(3)(b).  American Family's motion to add Mewbourn as a nonparty relates to the counterclaim that Haslam filed against American Family for bad faith breach of insurance contract.  Magistrate Judge Hegarty denied the motion for leave, and American Family timely objected.

Shortly after the Court granted Mewbourn's motion for summary judgment, American Family filed a new suit in the United States District Court for the District of Colorado against Mewbourn based on similar allegations though requesting monetary damages instead of declaratory relief.  See <u>American Family Mutual Insurance Co. v. Mewbourn</u>, No. 11-cv-00522-MSK-KMT [Doc. 1].  After filing this new suit against Mewbourn, American Family filed a motion in this Court requesting that the two cases be consolidated.  On August 3, 2011, the Court heard arguments concerning both of these issues.

## II. DISCUSSION

### A. Designation of Nonparties

A "district judge . . . must consider timely objections and modify or set aside any part of [a magistrate judge's pretrial order] that is clearly erroneous or is contrary to law." Fed. R. Civ. P .72(a). An order is clearly erroneous when the court reviews "the entire evidence [and] is left with the definite and firm conviction that a mistake has been committed." <u>Ocelot Oil Corp. v. Sparrow Indus.</u>, 847 F.2d 1458, 1464 (10th Cir. 1998) (internal quotation marks omitted). Both parties agree that this Court is reviewing a purely legal determination of the magistrate judge. [Docs. 354, 355.] The Court reviews such a determination under the contrary to law prong of Rule 72(a), which merits an independent review of the magistrate's order.

The Court independently reviewed the magistrate's order, all of the briefs submitted, and the parties' oral arguments. As an initial matter, the Court is not convinced that C.R.S. § 13-21-111.5(3)(b) applies to contract claims in addition to torts. But even assuming C.R.S. § 13-21-111.5(3)(b) applies to contract claims, the Court concludes that American Family failed to establish a <u>prima facie</u> case that Mewbourn breached a legal duty for the injuries at issue in Haslam's counterclaim. Thus, for substantially the same reasons stated by the magistrate judge, the Court overrules American Family's objection.

### B. Consolidation of Cases

Pursuant to Federal Rule of Civil Procedure 42(a), when "actions before the court involve a common question of law or fact, the court may . . . (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The decision to grant or deny consolidation is a matter within the trial court's sound discretion. <u>Shump v. Balka</u>, 574 F.2d 1341, 1344 (10th Cir. 1978). A motion to consolidate should be decided by the district judge in the oldest

numbered case of the cases proposed for consolidation, which for this motion would be this Court. D. Colo. L. Civ. R. 42.1.

American Family argues that consolidation is appropriate because both cases involve common questions of law and fact. American Family points out that both suits arise from the fire that destroyed the home at 5301 South University Boulevard, Greenwood Village, Colorado, on November 6, 2008. Further, American Family points out that the attorneys are the same in both cases, witnesses will overlap, and similar documents will be or have been produced.

All of the defendants in this case oppose the motion. The defendants argue that this motion is "a blatant attempt by American Family to avoid the consequences of Judge Blackburn's summary judgment in Mewbourn's favor." [Doc. 341 at 3.] The defendants also argue that consolidation would prejudice them because the two cases are at different procedural stages, the simultaneous trial of both cases would create a risk of inconsistent judgments, and the addition of Mewbourn, who would be a pro se defendant, would complicate and delay the trial of this matter.

After considering all of the parties' arguments, the Court determines that the motion should be denied. Consolidating these cases would hinder judicial efficiency and prejudice the defendants. This matter has now been pending for almost two and a half years. As soon as practicable for Commercial Capital, Inc.,[1] a trial will be expeditiously set and the Court will no

---

[1] The most recent delay in this case resulted from the parties informing the Court that Defendant Commercial Capital, Inc. (CCI) filed for bankruptcy and, thus, the automatic stay prevented the case from going to trial. On May 24, 2011, the bankruptcy court granted CCI conditional relief from the automatic stay. Therefore, this case can once again move forward but can only proceed to trial once CCI has had an opportunity to file responsive pleadings and conduct discovery.

longer tolerate unnecessary delays. Thus, the Court denies American Family's motion to consolidate.

### III. CONCLUSION

This Court ORDERS as follows:

1. Plaintiff/Counter-Defendant American Family's Objection to Magistrate Judge's Order Denying Motion for Leave to File Designation of Nonparties [Doc. 320] is OVERRULED;

2. Magistrate Judge Hegarty's Order Denying Motion for Leave to File Designation of Nonparties [Doc. 310]; and

3. Plaintiff/Counter-Defendant American Family's Motion to Consolidate Cases for Trial Pursuant to Fed. R. Civ. P. 42(a) [Doc. 323] is DENIED.

Dated this   12th   day of   August, 2011.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE
DISTRICT OF COLORADO