# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-00724-DME-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,
ONEWEST BANK, FSB,
DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Defendants;

DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,

    Counter-Claimants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Counter-Defendant;

COMMERCIAL CAPITAL, INC.,
ONEWEST BANK, FSB,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
FALL RIVER VILLAGE COMMUNITIES, LLC,

    Cross-Claimants,

v.

DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,
ONEWEST BANK, FSB,
DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Cross-Claim Defendants.

# PROTECTIVE ORDER

This matter is before the Court on Plaintiff/Counter-Defendant American Family's and Defendant/Counter-claimant CCI's Stipulation for Protective Order and Non-Waiver of Privileges, (hereafter the "Stipulation") I find that the entry of a protective order is necessary to protect the discovery, disclosure and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, and that in light of the status of these proceedings any documents produced by CCI pursuant to the Stipulation shall not be considered as a waiver of the attorney client or work product privileges of James T. Markus as Chapter 11 Trustee of CCI:

IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, statements, examinations under oath, exhibits, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated as "CONFIDENTIAL and PRIVILEGED" shall be information that is confidential and for which CCI asserts an accountant client, attorney client or work product privilege and implicates the assertion of CCI that the documents are subject to a privileged Fed. R. Evid. 501, C.R.S. § 13-90-107, or the common law work product or attorney client privileges, if any, that CCI may own. CONFIDENTIAL and PRIVILEGED information shall not be disclosed or used for any purpose except the preparation and trial of this case; provided

however if such information is determined by the Court to be subject to a valid privilege it may not be introduced into evidence or used at the trial of this action, except as ordered by the Court.

4. CONFIDENTIAL and PRIVILEGED documents, materials, and/or information (collectively "CONFIDENTIAL and PRIVILEGED information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including the plaintiff's and defendant's designated representatives;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL and PRIVILEGED information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by

counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL and PRIVILEGED by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL and PRIVILEGED."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL and PRIVILEGED information, the deposition or portions thereof shall be designated as CONFIDENTIAL and PRIVILEGED and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL and PRIVILEGED after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL and PRIVILEGED information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL and PRIVILEGED to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL and PRIVILEGED under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and PRIVILEGED and shall not thereafter be treated as CONFIDENTIAL and

PRIVILEGED in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL and PRIVILEGED shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL and PRIVILEGED.

9. The Court hereby orders that notwithstanding the production of any and all documents produced by CCI pursuant to the Stipulation and this Order said production shall not in and of itself constitute a waiver of the accountant client, attorney client or work product privilege and that CCI shall and is hereby Ordered and allowed to assert the accountant client, attorney client or work product privilege at any stage of the proceedings in this case at any time. It is furthered ORDERED that American Family shall not at any time during any stage of the proceedings in this case be allowed to argue or claim that the production of the documents by CCI pursuant to the Stipulation and this Order constitutes a waiver of the accountant client, attorney client or work product privilege. Nothing in this ORDER shall, however, preclude American Family from arguing that the documents subject to the designation of CONFIDENTIAL and PRIVILEGED are not in fact privileged for any reason other than a waiver of the accountant client, attorney client or work product privilege.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL and PRIVILEGED shall be returned to the party that designated it CONFIDENTIAL and PRIVILEGED, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL and PRIVILEGED documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. This Protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.

SO ORDERED this 22nd day of November, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

Appendix A

American Family v. Haslam, et al.
U.S. District Court for the District of Colorado
Civil Action No. 1:09-cv-00724-REB-MEH

**AGREEMENT OF CONFIDENTIALITY**

1. My full name is: _____

2. My address is: _____

3. My present employer is:
_____

4. My present occupation or job description is: _____


5. I have received a copy of the Protective Order entered in this case. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

6. I will not disclose any documents covered by the Protective Order except as provided by the Protective Order. I will use any such information only with respect to this case.

7. I will return all documents covered by the Protective Order that come into my possession and all documents or things which I have prepared which contain such information to any attorney representing the party that has employed or retained me at the conclusion of this case.

8. I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order.

   DATED this _____ day of _____, 2011.


   _____