# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00724-DME-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, INC., a Wisconsin corporation,

       Plaintiff,

v.

DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,
ONEWEST BANK, FSB, and,
DEUTSCHE BANK NATIONAL TRUST COMPANY,

       Defendants;


DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,

       Counterclaimants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, INC., a Wisconsin corporation,

       Counter-Defendant;


COMMERCIAL CAPITAL, INC.,
ONEWEST BANK, FSB,
DEUTSCHE BANK NATIONAL TRUST COMPANY, and
FALL RIVER VILLAGE COMMUNITIES, LLC,

       Cross-claimants,

v.

DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,
ONEWEST BANK, FSB,

DEUTSCHE BANK NATIONAL TRUST COMPANY, and
FALL RIVER VILLAGE COMMUNITIES, LLC,

      Cross-Claim-Defendants

---

**ORDER**

---

This matter comes before the Court following a hearing on two motions: 1) Plaintiff American Family Mutual Insurance Company's motion to disqualify opposing counsel (Doc. 350), and 2) the motion of Defendants OneWest Bank, FSB, and Deutsche Bank National Trust Company ("the Banks") for the imposition of sanctions against American Family for seeking to have the Banks' counsel disqualified (Doc. 375). For the following reasons, the Court DENIES the motion to disqualify and takes the motion for sanctions under advisement.

**I. Background**

Roughly summarized, the pleadings filed in this case indicate the following: Defendant Denver Haslam bought a home in 2007. Haslam financed that purchase by obtaining three loans, each secured by the property. Haslam insured the home with a policy issued by American Family. American Family paid one claim on the policy resulting from water damage, but has declined to pay a second claim based on fire damage to the home. American Family initiated this litigation, seeking to recover the amount it paid for the water damage and a declaratory judgment that the company is not liable on the fire damage claim. Defendants, Denver Haslam and the holders of the loans Haslam used to acquire the property (Defendants Commercial Capital, Inc.

("CCI"), which has filed bankruptcy and is currently represented by its bankruptcy trustee, the Banks, and Fall River Village Communities LLC "(Fall River")) all claim an interest in those insurance proceeds.  Defendants, thus, seek to recover against American Family under the policy for the fire damage, but they disagree among themselves as to which Defendant those proceeds should be paid.  Defendants CCI and the Banks also claim competing security interests in the property.  These disagreements among all Defendants have resulted in them filing a number of cross-claims against one another.[1]

## II. American Family's motion to disqualify the Banks' counsel (Doc. 350)

American Family seeks to disqualify the Banks' counsel, the law firm of Holland and Hart.  The Banks, as an initial matter, assert that American Family lacks standing to seek disqualification of opposing counsel because American Family is not a client or a former client of Holland and Hart.  But a non-client may have standing to seek an attorney's disqualification if "the interests of the public are so greatly implicated that an apparent conflict of interest may tend to undermine the validity of the proceedings." Abbott v. Kidder Peabody & Co., 42 F. Supp. 2d 1046, 1050 (D. Colo. 1999).  Because standing in this context is not jurisdictional standing, the Court assumes American Family has sufficiently alleged a conflict that might undermine the validity of these proceedings, requiring the Court to consider the merits of the disqualification motion. See Pressman-Gutman Co. v. First Union Nat'l Bank (In re Pressman-Gutman Co.), 459 F.3d 383, 402 n.20 (3d Cir. 2006).

---

[1] Because Fall River and American Family have settled their claims against one another, Fall River is now pursuing only its cross-claims.

A motion to disqualify is left to the sound discretion of this Court. See Cole v. Ruidoso Mun. Sch., 43 F.3d 1373, 1383 (10th Cir. 1994). "Because of the potential for abuse by opposing counsel, disqualification motions should be subjected to particularly strict scrutiny." Macheca Trans. Co. v. Philadelphia Indem. Ins. Co., 463 F.3d 827, 833 (8th Cir. 2006) (internal quotation marks omitted). The parties agree that American Family bears the burden of establishing grounds for disqualification.

Citing Rule 1.7 of the Colorado Rules of Professional Conduct, which informs this Court's decision here, see D.C.Colo. LCivR 83.4, American Family asserts that Holland and Hart has a conflict of interest because it is representing the Banks in this litigation while representing the unsecured creditors' committee in the CCI bankruptcy. More specifically, American Family contends that, should the Banks prevail in their cross-claims against CCI and the other defendants in this case, the CCI bankruptcy estate and its creditors' committee will lose assets.

The Court, however, has bifurcated trial in this case. The initial trial will decide whether American Family is liable under the policy to pay the water and fire damage claims. In that proceeding, the interests of the Banks and CCI are aligned against American Family. The Court concludes, therefore, that Holland and Hart has no conflict. If this litigation reaches the second, separate trial on the cross-claims and if a conflict arises, Court can revisit the issue then.

Even if the Court were to conclude that Holland and Hart currently has a conflict of interest - a conclusion the Court does not draw - Holland and Hart has in any event properly obtained valid consent from the Banks and the CCI creditors' committee for its

continued representation of them in the relevant cases.  See Rule 1.7(b), Colorado Rules of Professional Responsibility.  And American Family has failed to convince the Court that any conflict under which Holland and Hart is operating in this case is non-consentable.  For these reasons, the Court DENIES American Family's motion to disqualify the Banks' counsel.

### III.  The Banks' motion for imposition of sanctions against American Family (Doc. 375)

The Banks ask that the Court impose sanctions, pursuant to Fed. R. Civ. P. 11(b) and 28 U.S.C. § 1927, because American Family filed its motion to disqualify the Banks' counsel in order to delay these proceedings and needlessly increase the cost of this litigation.  The Court will take that motion under advisement, and presently intends to rule on that motion at the conclusion of this litigation.

Dated this __6th__ day of _____January_____, 2012.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE
DISTRICT OF COLORADO