**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-00724-DME-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, INC., a Wisconsin corporation,

        Plaintiff,

v.

COMMERCIAL CAPITAL, INC.,
ONEWEST BANK, FSB, and
DEUTSCHE BANK NATIONAL TRUST COMPANY,

        Defendants.

COMMERCIAL CAPITAL, INC.,

        Counterclaimant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, INC., a Wisconsin corporation,

        Counter-Defendant.

COMMERCIAL CAPITAL, INC.,
ONEWEST BANK, FSB,
DEUTSCHE BANK NATIONAL TRUST COMPANY, and
FALL RIVER VILLAGE COMMUNITIES, LLC,

        Cross-claimants,

v.

DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,
ONEWEST BANK, FSB,
DEUTSCHE BANK NATIONAL TRUST COMPANY, and
FALL RIVER VILLAGE COMMUNITIES, LLC,

        Cross-Claim-Defendants.

**ORDER DENYING OBJECTION TO MAGISTRATE JUDGE'S ORDER COMPELLING PRODUCTION OF CONFIDENTIAL SETTLEMENT AGREEMENT**

On January 26, 2012, the Court granted a joint motion made by Plaintiff American Family Mutual Insurance Company, Inc. ("American Family") and Defendant Denver Haslam ("Haslam") to dismiss with prejudice those parties' claims asserted against one another (Doc. 412), in light of a confidential settlement reached between American Family and Haslam. (Doc. 416.) On January 30, 2012, Magistrate Judge Hegarty ordered American Family and Haslam to produce "to counsel for all other defendants and interested parties" a copy of that confidential settlement agreement. (Doc. 418 ¶ 3.) That disclosure was ordered "subject to attorneys' eyes only and under seal." (Id.)

This matter now comes before the Court on American Family's and Haslam's "Joint Objection to Magistrate Judge's Order Compelling Production of Confidential Agreement." (Doc. 419.) Having authority to consider and rule upon that objection now, see D.Colo.LCivR 7.1(C), and having considered the objection, as well as the response filed by Defendant Commercial Capital, Inc. (Doc. 424) and the response filed jointly by OneWest Bank, FSB and Deutsche Bank National Trust Company (Doc. 425), the Court DENIES American Family's and Haslam's objection for the following reasons[1]:

---

[1] American Family and Haslam insinuate that the magistrate judge had no referral authority to enter the challenged order compelling disclosure of their agreement. (Doc. 419 at 4.) This Court, acting pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) and (b), referred this case to the magistrate judge to "[h]ear and determine pretrial matters, including discovery and other nondispositive motions," among other things.

There is no per se ban on compelling disclosure of settlement agreements. See Merrill v. Waffle House, Inc., 227 F.R.D. 475, 476, 478 (N.D. Tex. 2005) (upholding order compelling disclosure); Bennett v. La Pere, 112 F.R.D. 136, 141 (D. R.I. 1986) (ordering disclosure of settlement agreement).

And the agreement at issue here is relevant and likely to lead to the discovery of admissible evidence. See Fed. R .Civ. P. 26(b)(1); see also White v. Kenneth Warren & Son, Ltd., 203 F.R.D. 364, 365-67 (N.D. Ill. 2001) (noting settlement agreement among plaintiff and one defendant is relevant to remaining defendants); Bennett, 112 F.R.D. at 138-39 (noting in that case that "the terms and dimensions of the arrangements between the plaintiffs and the settling codefendants seem relevant to the surviving litigation").

Briefly summarized, American Family initiated this suit against Haslam, as well as Defendants Commercial Capital, Inc. ("CCI"), OneWest Bank, FSB ("OneWest"), and Deutsche Bank National Trust Company ("Deutsche Bank"), among others. American Family seeks a declaratory judgment that a homeowner's policy American Family issued to Haslam, naming CCI as the loss payee, should be rescinded due to misrepresentations Haslam made in the application for that coverage. In answer to those allegations, Haslam admitted American Family issued the policy, but denied making misrepresentations on the policy application. Haslam and CCI, in turn, each asserted counterclaims against American Family, seeking payment for the loss of the

---

(Doc. 2.) That order authorized the magistrate judge to enter the order he entered in this matter. In reviewing the magistrate judge's decision, this Court defers to that ruling unless it was clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006).

insured home, which was destroyed by fire. Other Defendants also claim an interest in the proceeds of that policy.

In American Family's and Haslam's joint motion for the voluntary dismissal with prejudice of their claims asserted against one another, Haslam now "agrees to void the policy ab initio." (Doc. 412 at 2.) The existence and validity of that policy is at the core of most of the claims remaining in this litigation, including all of American Family's claims against the other Defendants and CCI's counterclaim against American Family, as well as many of Defendants' cross-claims.

In opposing disclosure, American Family and Haslam argue only that compelling them to disclose their agreement will generally deter settlements, contrary to public policy. (Doc. 419 at 4-7.) Encouraging settlements is an important public policy consideration. But that policy cuts both ways in a case such as this, where the settling parties are some, but not all, of the parties involved in the same litigation. See Bennett, 112 F.R.D. at 140-41; see also White, 203 F.R.D. at 366-69. To the extent that disclosure under these circumstances might provide a general disincentive to settle claims, "that drawback is substantially outweighed by the assistance which full divulgence of the terms of relevant settlements among all parties will likely afford in the negotiation process" in this case. Bennett, 112 F.R.D. at 140. And "the fundamental fairness of assuring that" American Family and "the remaining defendant[s] will approach the bargaining table armed with the same knowledge of the earlier (completed) settlement surely tips the scales" in favor of compelling disclosure here. Id.; cf. Magnaleasing, Inc. v. Staten Island Mall, 76 F.R.D. 559, 562 (D.C. N.Y. 1977)

(noting, in ordering disclosure of settlement agreement notwithstanding its confidentiality clause, that the "scope" of a party's "rights cannot be governed by agreement of his adversaries").

Lastly, it is important to note that the magistrate judge's order only requires disclosure to a limited number of parties, under protections that will preserve the overall confidentiality of the settlement agreement.  See White, 203 F.R.D. at 369; Bennett, 112 F.R.D. at 140.

For these reasons, the Court upholds the magistrate judge's order directing American Family and Haslam to disclose their settlement agreement, pursuant to the terms of the magistrate judge's protective order regarding that disclosure.  CCI's request to depose Haslam is referred to the magistrate judge.

Dated this __7th__ day of _____February_____, 2012.

BY THE COURT:

*s/ David M. Ebel*
U. S. CIRCUIT COURT JUDGE