IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00724-DME-MEH

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

DENVER HASLAM,
COMMERCIAL CAPITAL, INC.,
ONEWEST BANK, FSB,
DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Defendants;

JAMES T. MARKUS, Chapter 11 Trustee for Commercial Capital Inc.,

    Interested Party;

DENVER HASLAM,

    Counter Claimant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Counter-Defendant;

ONEWEST BANK, FSB,
DEUTSCHE BANK NATIONAL TRUST COMPANY, and
FALL RIVER VILLAGE COMMUNITIES, LLC,

    Cross-Claimants,

v.

DENVER HASLAM,

    Cross-Claim Defendant.

## ORDER ON AMERICAN FAMILY'S MOTION FOR PROTECTIVE ORDER
## RE: FED. R. CIV. P. 30(b)(6) DEPOSITION OF AMERICAN FAMILY

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is the above-captioned Motion [filed April 13, 2012; docket #560]. The matter is briefed, and the Court believes oral argument would not materially assist the Court in adjudicating the motion. The motion is **granted in part** and **denied in part**.

The Rule 30(b)(6) deposition is necessitated by American Family's settlement with Denver Haslam. Its scope is limited by whatever topic areas may have reasonably arisen because of the settlement. In order for a 30(b)(6) topic to be appropriate at this late date, it must pass two tests: (1) the topic is occasioned by the settlement; and (2) the topic was not reasonably relevant prior to the settlement. This second element must be viewed in light of the fact that American Family has always, in this litigation, contested the validity of its insurance contract with Denver Haslam and has, at all relevant times, sought to avoid responsibility for that contract. If American Family's efforts in trying to avoid paying on the insurance contract constitutes bad faith, then those facts were available to the parties prior to the settlement. I view the settlement as simply consistent with American Family's intent throughout this litigation. The fact that it was successful (at least at this interim stage) in achieving its stated goal may have been quite a surprise to the other parties, but does not create significant new areas of relevant inquiry.

I address here only the topics that shall be discussed at the deposition; I do not address American Family's ability to claim privilege as to any particular topic or question.

Regarding the Banks' notice and those topics contested by American Family:

(2)  is within the scope of permissible topics (although I understand that American family is likely to claim privilege with regard to most questions);

(3)  is within the scope of permissible topics (although I understand that American family is likely to claim privilege with regard to most questions);

(7)  is outside the scope of permissible topics and reasonably should have been inquired into given American Family's prior position in this case;

(8)  is outside the scope of permissible topics and reasonably should have been inquired into given American Family's prior position in this case;

(9)  is outside the scope of permissible topics and reasonably should have been inquired into given American Family's prior position in this case;

(10) is outside the scope of permissible topics and reasonably should have been inquired into given American Family's prior position in this case;

(11) is within the scope of permissible topics;

(12) is outside the scope of permissible topics and reasonably should have been inquired into given American Family's prior position in this case;

(13) is within the scope of permissible topics.

Regarding the CCI's notice and those topics contested by American Family:

(8)  is outside the scope of permissible topics and reasonably should have been inquired into given American Family's prior position in this case;

(9)  is outside the scope of permissible topics and reasonably should have been inquired into given American Family's prior position in this case;

(10) is within the scope of permissible topics.

SO ORDERED.

Dated at Denver, Colorado, this 23RD day of April, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge